Sidney P. **CHANDLER**, Appellant,

v.

**STATE FARM FIRE & CASUALTY COMPANY et al.**, Appellees.

No. 762.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 29, 1972.

Rehearing Denied Jan. 18, 1973.

Sidney P. Chandler, Corpus Christi, for appellant.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, Walter Dunham, Jr., Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is a storm damage case. Suit was brought by Sidney P. Chandler against State Farm General Insurance Company and State Farm Fire and Casualty Company to recover damages to a dwelling house in Corpus Christi, caused by Hurricane Celia on August 3, 1970. Plaintiff took a non-suit as to the defendant State Farm Fire and Casualty Company. After a non-jury trial, judgment was entered in favor of plaintiff against the remaining defendant for $1,072.84. Plaintiff has appealed. We affirm.

The insured premises were owned by Esperanza Botello. Plaintiff was the holder of a note that was secured by a mortgage on the premises. Prior to August 3, 1970, when the hurricane struck Corpus Christi and its environs, State Farm General Insurance Company had issued a policy of insurance, providing for fire and extended coverage on the premises in the sum of $5,000.00. Such policy was in force on August 3, 1970. Esperanza Botello was the named insured in the policy and it was further provided therein that "loss on building items shall be payable to Sidney P. Chandler" as his interest appeared.

In November, 1970, Esperanza Botello received a $3,500.00 grant from a governmental agency to enable her to repair the storm damage and to remodel the dwelling house. Port City Builders, Corpus Christi, Texas, and the owner of the premises contracted for such work, which was to be done in accordance with the "Rehabilitation Contract and Bid Form", as well as the "Plans and Specifications", all as prepared by the Neighborhood Improvement Division of the City of Corpus Christi. The work was performed for the total sum of $3,500.00.

The owner defaulted in payments due on the note and plaintiff, on June 1, 1971, declared the entire balance then due and owing on the note to be due and payable. Plaintiff notified State Farm General Insurance Company of such action and requested that it pay to him, the mortgagee, the amount ($2,501.05) due on the note, which he claimed was in fact less than the amount of actual damage caused by the hurricane. Plaintiff and the insurance company were unable to settle their differences. Suit was then filed, wherein plaintiff sought a recovery of $2,501.05, with interest thereon at 10% per annum from date of default on the note. Esperanza Botello, the insured, filed a plea in intervention and disclaimed any interest in any recovery in plaintiff's cause of action.

Findings of fact and conclusions of law were made and filed by the trial court. The trial judge found, and the evidence conclusively shows, that the repair and remodelling work performed in accordance with the agreement between Esperanza Botello and Port City Builders included both the repair of damage to the residence sustained as a result of Hurricane Celia and the remodelling work due to causes other than the damages to the premises caused by the storm.

The court found and the evidence established only the total cost of the repairs and the remodelling of the premises. That cost was $3,500.00. The cost of repairs made necessary because of hurricane damage was not segregated from the remodelling costs. There is no evidence in the record of exactly how much of the $3,500.00 was spent on repairing the damage caused by Hurricane Celia. Therefore, the cost of repairs due to hurricane damage was not proved by plaintiff.

At the conclusion of the evidence, and after both sides had rested, State Farm General Insurance Company, acting by and

through its counsel, agreed in open court that the reasonable cost of the repairs to the premises resulting from the damage sustained as a result of Hurricane Celia amounted to $1,172.84, which, after deduction of $100.00 as provided in the policy of insurance, would authorize a recovery by the plaintiff in the sum of $1,072.84.

As State Farm General Insurance Company admitted that the reasonable cost of repairs covered by its policy was $1,172.84, the judgment rendered in plaintiff's favor was correct. We have considered all of plaintiff's points of error and they are all overruled.

The judgment of the trial court is affirmed.